ZILLMAN KITCHENS V. THE STATE.

No. 19135.    Delivered November 10, 1937.

The opinion states the case.

*Alex Jung,* of Fredericksburg, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Conviction for a misdemeanor, punishment being assessed at a fine of twenty dollars.

The charging part of the complaint reads as follows:

"Zillman Kitchens did then and there unlawfully operate a commercial motor vehicle, to-wit: a G.M.C. truck and trailer upon a public highway of this State, to-wit State Highway No. 9, outside the city limits of an incorporated city or town, in the County of Gillespie, State of Texas, with a net load weighing in excess of seven thousand pounds, said load being then and there hauled on said motor vehicle on said highway, con-

trary to provisions of section 5, H. B. 336, passed by the Regular Session of the 42nd Legislature, and not coming within any of the exemptions to the seven thousand pound load limit as provided in said act."

A state highway patrolman testified that on the 24th of March, 1937, he saw appellant near Leon Springs in Bexar County. At the time appellant was operating a motor truck loaded with gasoline and kerosene, which he was taking to Fredericksburg. The officer checked the contents of the truck and found that its net load exceeded seven thousand pounds in weight.

Oswald Crenwelge, a witness for the State, testified that he received the gasoline from appellant in the City of Fredericksburg. He further testified that he did not see appellant driving the truck outside the city limits on State Highway No. 9. He said: "There are more than one way to go to San Antonio from Fredericksburg. There are lots of other roads leading to San Antonio in Gillespie County. Some are state highways and some are not. I did not see this truck that Mr. Stehling is talking about or that delivered the gasoline to me on March 24, 1937, on any state highway in Gillespie County. I did not see the truck come into Fredericksburg. I did not see what highway it took leaving Fredericksburg, if any. This new highway going from here to Comfort and from Comfort to San Antonio is No. 9."

Another State witness testified that highway No. 9 was the most direct route from San Antonio to Fredericksburg. Again, he stated that there were a number of roads one could travel in going from Fredericksburg to San Antonio. He said: "I do not know of any way to San Antonio outside of State Highway No. 9." However, he qualified this statement by saying that one could go by way of Austin.

We gravely doubt the sufficiency of the evidence to support the averment in the complaint that appellant drove the truck outside the limits of an incorporated town on State Highway No. 9. Be that as it may, it is observed that in the charge of the court the jury were directed to convict appellant if they believed beyond a reasonable doubt that he drove the truck in Gillespie County, Texas, "upon a public highway there situate carrying a load with a net weight in excess of seven thousand pounds." This instruction was wrong, in that it authorized a conviction if the jury found that appellant drove the truck on any highway in the County of Gillespie. It was incumbent upon the State to support the averment in the complaint that

the truck was driven on State Highway No. 9. Moreover, said charge was wrong, in that it took no note of the requirement of the statute that the truck be operated on a public highway outside the limits of an incorporated city or town. We quote the pertinent provisions of section 5, chapter 282, General Laws, Regular Session, 1931, 42nd Legislature (Vernon's Ann. P. C., Art. 827a, sec. 5) as follows:

"No commercial motor vehicle, truck-tractor, trailer or semi-trailer shall be operated on the public highway outside of the limits of an incorporated city or town with a load exceeding seven thousand (7000) pounds on any such vehicle or train or combination of vehicles."

Appellant's exceptions to the charge were well taken. In view of the fact that one traveling from San Antonio to Fredericksburg might travel a number of highways, and of the further fact that the testimony indicating that appellant traveled State Highway No. 9 is meager, we are constrained to hold that said erroneous charge requires a reversal of the judgment of conviction.

It is observed that the complaint alleges that appellant was not within any of the exceptions provided by the statute. We find no testimony in the record supporting this averment.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.