## LEO W. FORTSON V. THE STATE.

No. 21017. Delivered April 3, 1940.
State's Request for Leave to File Delayed Motion for
Rehearing Denied May 22, 1940.

The opinion states the case.

*Hardin, Hardin & Hardin* and *Fred W. Hofstetter*, all of Edinburg, and *Gus L. Kowalski*, of Kingsville, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

This case originated in the Justice Court of Kleberg County, where the appellant was convicted under the complaint hereinafter set out and given a fine of five dollars. On appeal to the County Court, a fine of $110.00 was assessed, from which this appeal is taken.

A number of questions are raised in the case, but we find it necessary to consider only one.

The following is a copy of the complaint so far as it is essential to a decision of this case. The affidavit alleges that: "Leo W. Fortson * * * did then and there unlawfully operate

a commercial motor vehicle, to-wit: a truck & semi-trailer, upon a public highway of the State of Texas, to-wit: State Highway No. 16, outside the city limits of an incorporated city or town, in the County of Kleberg, Precinct number 1, State of Texas, with a net load weight on said vehicle, said load thereon weighing in excess of seven thousand pounds; and said vehicle and load thereon not coming within any of the exemptions to the seven thousand pound limit laws as provided by the laws of the State of Texas."

The prosecution is under the provisions of Art. 827a, Penal Code. It will be observed that one of the essential allegations in this complaint is that the vehicle and load do not come within one of the exemptions to the 7,000 pound limit laws. For the period of time involved, the appellant drove from Premont, Jim Wells County, to Kingsville in Kleberg County, Texas. He was arrested outside of the city limits of Kingsville. There is nothing in the stipulation of facts to show what road the appellant traveled or that he passed any shipping point as designated in the exemptions. Neither is there any other evidence attempting to show that he did not come within one of the exceptions set out in Art. 827a, sec. 5, of the Penal Code of Texas. It was incumbent upon the State to allege and prove these facts. Having failed to do so, the conviction cannot stand. Kitchens v. State, 109 S. W. (2d) 1071.

The case is reversed and remanded.

ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

The State presents a request for leave to file a delayed motion for rehearing based on the contention that we were in error in holding the complaint bad because it failed to negative certain exceptions. The request for leave to file this motion comes long after the time has expired in which motions for rehearing may ordinarily be filed, but is predicated on the ground that the court has control over its judgments during the term at which rendered. We recognize the rule, but doubt the expediency of its application in the present instance. The mandate from this court has long since issued, and perhaps many complaints of like character have been disposed of under that opinion in this case. We therefore think it proper to deny the request for leave to file the motion. However, we wish it understood that such denial is not to be taken as in

any way expressing an opinion on the merits of the State's contention regarding the State's pleadings.

The request for leave to file motion is denied.